UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL AUGUSTA,<br>　　Plaintiff,<br><br>　　v.<br><br>CHAD LONG *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)  Case No. 25-4168<br>)<br>)<br>)<br>) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Quennel Augusta, an inmate at Graham Correctional Center. Plaintiff has also filed a Motion to Stay (Doc. 6).

**I.     Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading identifies the following individuals: Ninth Judicial Circuit Associate Judges Chad M. Long, Knox County State's Attorney Ashley Worley, and Galesburg Police Department Officers Amber Schlomer and Kyle Winbigler. (Pl. Compl., Doc. 1 at 1-3.)

Plaintiff's filing consists of a handwritten application to commence a criminal complaint against Ninth Judicial Circuit Associate Judge Chad M. Long, Knox County State's Attorney Ashley Worley, and Galesburg Police Department Officers Amber Schlomer and Kyle Winbigler. Essentially, Plaintiff claims that his arrest, prosecution, conviction, and sixteen-year sentence in case 23-CF-348 in Circuit Court for the Ninth Judicial Circuit violated his rights as a sovereign citizen.

**C. Analysis**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court concludes that Plaintiff's pleading fails to state a plausible claim. As an

inmate, Plaintiff lacks standing to compel an investigation or prosecution of another person. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (inmates alleging beating by correctional officers lack standing to challenge prison official's request to magistrate not to issue arrest warrants); *see also Elizarri v. Sheriff of Cook County*, 901 F.3d 787, 789 (7th Cir. 2018) ("Failure to prosecute thieves does not violate the Constitution."); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) ("Plaintiffs think that [the government] should have done more, but no one can demand that someone else be prosecuted."); *Sandage v. Bd. of Comm'rs*, 548 F.3d 595, 597 (7th Cir. 2008) ("No one has a federal constitutional right to have another person jailed . . . ."); *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) (stating that a person "has no right to compel a criminal prosecution").

Furthermore, "[j]udicial immunity insulates judges from being sued except when a plaintiff sues a judge for (1) 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' or (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Cossio v. Tourtelot*, 725 F. App'x 406, 410 (7th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)) (vacating judgment in favor of judge on absolute immunity grounds because plaintiff alleged judge conspired to deprive him of employment, which is not a judicial act).

To the extent Plaintiff is attempting to file suit against the Knox County State's Attorney involved in prosecuting his criminal case, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d

603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity.").

Additionally, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 (footnote omitted).

512 U.S. 477, 486-87 (1994). Thus, under *Heck*, a § 1983 damages claim does not accrue if a judgment in Plaintiff's favor on that claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id*. at 487.

Plaintiff's challenge to the validity of his arrest, prosecution, and sentencing is barred by *Heck* until Plaintiff can show that the charges have been expunged. *See Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (holding that *Heck* applies to any suit "premised ... on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment").

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

**III.    Motion to Stay**

Plaintiff seeks a stay of his case until after Thanksgiving because he cannot recall Defendants' addresses and his financial inability to afford paper. The Court grants Plaintiff thirty days to file an amended pleading. If he requires more time, he can file a

Motion for Extension of Time before the deadline expires. Thus, Plaintiff's Motion for Stay (Doc. 6) is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Stay (Doc. 6) is DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 14, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE